HEMPHILL et al. *vs.* COATS.

1. The statute requiring that appeals from Magistrate's Courts shall be tried according to their equity and justice, does not embrace cases, where inferior officers entirely disregard the general course of law; or assume authority not delegated to them, as such.

2. So this statute does not include proceedings before a justice, for the taking, by a miller, of unlawful toll, where there is substantial irregularities in the whole case.

3. In cases before a magistrate against a miller, for taking unlawful toll,—the facts that the warrant is issued by one justice—indorsed by a second, in an adjoining county, and there served—and the trial had before a third person in the county from whence issued; will be considered sufficient irregularity to quash the proceedings.

On the 6th day of September, 1831, complaint was made by Daniel Coats, before F. Sealy, a justice of the peace of Tuskaloosa county, that James C. Hemphill and Alexander Hemphill, being millers, in violation of the statute in such case made and provided, kept at their mill, a toll dish which measured more than one eighth part of a bushel; and that they were in the habit of causing the grain ground at the aforesaid mill, to be measured by the said toll dish. F. Sealy, Esq., the justice, upon this complaint, issued a warrant, directed to any constable in Tuskaloosa or Greene county, requiring the said Hemphills to be brought before him, to answer the charge. The record then showed a paper under the hand and seal of J. P. Archibald, dated Greene county, stating that inasmuch as proof had been made before him, a justice of that county, that F. Sealy, one of the justices of Tuskaloosa county, had issued the said warrant; therefore he commanded

Moses Franklin, to execute it upon the said defendants, commanding them to be and appear before the said Sealy, at his house, to answer the said complaint.

The warrant having been executed, the defendants appeared, and one James Robertson, Esq., a justice of the peace, presiding, a judgment for the penalty of ten dollars, was rendered against the defendants.

The defendants having appealed to the county Court of Tuskaloosa, that Court overruled a motion to quash, and gave judgment against the defendants.

*Stewart*, for plaintiff in error—*Shortridge, contra.*

SAFFOLD, J.—Complaint having been made by Coats, the defendant in error, to F. Sealy, a justice of the peace of Tuskaloosa county, that James C. and Alexander Hemphill, had violated the statute provided for the government of mills and millers, said justice issued his warrant, directed to any constable in Tuskaloosa or Greene county, commanding the officer to bring the persons complained of before him, "to answer the premises." No time was expressed for the return of the process. Two days thereafter, this process appears to have been indorsed by a justice of the peace of Greene county, authorising and requiring one Moses Franklin to summons the persons complained of, to appear before the justice who had issued the warrant, at his house, in Tuskaloosa county, to answer the complaint, on a day therein mentioned; and which appears to have been executed accordingly. The defendants appeared in the county of Tuskaloosa, before J. Robertson, a justice, who appears to have had no previous agency in the matter, when as stated in the return, on

full hearing of the complaint, judgment was rendered by Robertson in favor of Coats, for ten dollars, the amount of the penalty prescribed by the statute.—— From this judgment the defendants prayed and obtained an appeal to the next term of the county Court. In the county Court, at the first term thereof, the parties appearing by their attorneys, the defendants moved to quash the proceedings of the justice; and the plaintiff moved to dismiss the appeal. The former motion was overruled, and the latter sustained; and judgment given against the appellants, for the costs.

The dismissal of the appeal is the cause assigned for error.

It is true, as contended by the plaintiffs in error, that the warrant appears to have been intended rather in the nature of a criminal than civil process. It does not express the claim of any penalty, nor in whose favor demanded, far.her than the showing, that Coats made the complaint, and the requisition on the defendants, to answer the premises. The omission to fix the day for the return of the process, and the direction of it, together with the indorsement by a magistrate of the different county, and the deputation of an individual to serve it, as in case of emergency, authorise the inference, that so far, it was regarded as a criminal process. On the trial, however, it assumed the character of a civil suit—Coats plaintiff and the two Hemphills defendants. Without any accompanying explanation, the trial is had before a magistrate, who otherwise appears to have had no connection with the suit. But again, in granting the appeal, and in certifying the transcript of the proceedings, the former magistrate (Sealy)

re-appears as the acting officer. From all which it would appear impossible to imagine a course of proceeding more irregular and defective—one in which the authority to quash would appear more obvious, unless the defects have been cured by the statute, or waved by the defendants.

It is provided, by statute, that such appeals shall be tried, according to the equity and justice of the case, regardless of any defects or informality in the proceedings before the magistrate. The statutory provision alluded to, is valuable in theory, and has been found beneficial in practice, to the extent contemplated by the legislature. It has influenced many of our former decisions, and induced us, where the merits could be fairly reached, to overrule all technical, or captious exceptions; but we have not felt at liberty to disregard the authority of inferior officers, or to sanction illegal assumptions of power, by individuals, purporting to have acted as such; or to sustain total departures from the general course of proceedings, as prescribed by law.

The circumstances, of this warrant having been drawn in the form of a criminal process, or of its being at least of mongrel character—of its having derived its main judicial virtue, in a different County, and been executed there—then, of its having been tried in this County, before a magistrate, otherwise a stranger to the proceedings; and without any explanation of the reason or necessity of his acting—are defects, so gross and extraordinary as to deny to the course pursued, the least claim to legality. They can not be sustained, without a disregard of every legal requisite. Nor can it be inferred that the defendants have waived the exceptions: no issue being

HEMPHILL et al. *vs.* COATS.

required, none was joined, before the magistrate.—Magistrates not being required, by law, to sign bills of exceptions, and there being no custom or usage of the kind, the absence of any, shewing that the exceptions were taken before the magistrate, affords no presumption, that they were waived.

On reaching the county Court, it is shown the defendants moved to quash the proceedings; and that the plaintiff then moved to dismiss the appeal. The order of time in which the motions were made, could give no preference to either—both being before the Court, the granting one, amounted to the overruling the other. The motion to dismiss prevailed. The ground on which it was sustained is understood to be, that the proceedings were not certified by the same magistrate who rendered the judgment. From the transcript, the most natural conclusion is that Esquire Robertson, for some unknown cause, temporarily occupied the seat of F. Sealy, Esq. The latter it was who issued the warrant, returnable before himself, and, after judgment, not only granted the appeal, but certified the record. Unless he was authorised to do the latter act, it would appear that no one was; and that by means of the irregularity of the proceedings, the re-examination of them has been precluded—a principle which can not be tolerated. But it must be observed that the county Court did not consider the defects cured by statute, or in any manner waived; but dismissed the appeal on account thereof. Surely the defendants (however culpable in reality,) were entitled either to a trial *de novo* on the merits, or to the advantage of the illegality of the proceedings, by having them quashed,

4 s & p.    17

The latter, we conceive, would have been the most correct determination.

Let the judgment of the county Court be reversed and the proceedings of the magistrates be quashed.